I hereby certify that the foregoing is a certified copy of the original on file in this office.

**Clerk, U.S. District Court**
**Eastern District of Michigan**

By: *s/V Lung*

1  BILL LIETZKE
   GENERAL DELIVERY
2  135 CATOMA STREET
   MONTGOMERY, ALABAMA 36104
3

4           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MICHIGAN
5
                      2:17-CV-674-MHT
6  BILL LIETZKE,              ) CONSTITUTIONAL RIGHTS VIOLATIONS
                              ) FIRST DEGREE KIDNAPPING
7       PLAINTIFF,            ) MALICIOUS PROSECUTION
                              ) FALSE IMPRISONMENT
8  VS.                        ) HARASSMENT
                              )
9  COUNTY OF MONTGOMERY, ET AL,    Case: 2:17-cv-12922
   REESE MCKINNEY, D. T. MARSHALL, Judge: Berg, Terrence G.
10                                 MJ: Whalen, R. Steven
                                   Filed: 08-28-2017 At 02:28 PM
11     DEFENDANTS.                 CMP LIETZKE V MONTGOMERY, COUNTY OF ET AL (AT)

12     1. Jurisdiction founded on the existence of a federal question and amount in
13  controversy.

14     2. The action arises under the Constitution of the United States, Article III,
15  Section II, as hereinafter more fully appears.

16     3. The amount in controversy exceeds, exclusive of interests and costs, the sum
17  of $2,000,000,000.00

18     4. On or about August 2, 1999, without probable cause therefor, the County of
19  Montgomery, Et Al through Montgomery sheriff's officers, trespassed the premises of
20  547 South Perry Street, Montgomery, Alabama where the Plaintiff was lawfully and
21  legally residing, abducted, harassed, and kidnapped the Plaintiff from 547 South Perry
22  Street and dragged the Plaintiff to Jackson Hospital, 1725 Pine Street, Montgomery,
23  Alabama. Thereafter, the Plaintiff was incarcerated inside Jackson Hospital, 1725
24  Pine Street and could not leave.

25     5. On or August 9, 1999, the County of Montgomery, Et Al harassed and seized
26  the Plaintiff again and dragged the Plaintiff without probable cause therefor from
27  Jackson Hospital, 1725 Pine Street to Montgomery County Probate, 100 South Lawrence
28  Street, Montgomery, Alabama. Thereafter, the County of Montgomery, Et Al

instituted unlawful proceedings motivated by malice in fact against the Plaintiff in the Montgomery County Probate without probable cause therefor.

6. On or about August 9, 1999, the County of Montgomery, Et Al harassed and seized the Plaintiff again and dragged the Plaintiff without probable cause therefor back to Jackson Hospital, 1725 Pine Street.

7. On or about August 11, 1999, the County of Montgomery, Et Al harassed and seized the Plaintiff again and dragged the Plaintiff without probable cause therefor to "Greil Memorial Psychiatric Hospital," 2140 Upper Wetumpka Road, Montgomery, Alabama where the Plaintiff was incarcerated and could not leave.

8. On or about August 2, 1999, when the County of Montgomery, Et Al abducted and kidnapped the Plaintiff without probable cause therefor and dragged the Plaintiff to Jackson Hospital, 1725 Pine Street, dragged the Plaintiff to Montgomery County Probate, 100 South Lawrence Street, and dragged the Plaintiff to Greil Memorial Psychiatric Hospital, 2140 Upper Wetumpka Road, the County of Montgomery, Et Al in the course of one unlawful act after another, procured the unlawful violation of the personal liberty of the Plaintiff, and procured the false imprisonment of the Plaintiff, for any appreciable time however brief. The County of Montgomery, Et Al, in a series of well coordinated unlawful acts and detentions, committed the NON-CONSENTUAL, intentional confinement of the Plaintiff without lawful privilege therefor, and for any appreciable time however brief. The County of Montgomery, Et Al purposely deprived the Plaintiff of freedom of movement by use of physical barrier and force and other total and complete unreasonable duress, without the Plaintiff's consent which harmed the Plaintiff, and such harm was substantially caused by the County of Montgomery, Et Al's conduct.

9. On or about August 2, 1999, when the County of Montgomery, Et Al abducted and kidnapped the Plaintiff without probable cause therefor and dragged the Plaintiff to Jackson Hospital, 1725 Pine Street and dragged the Plaintiff to Montgomery County Probate, 100 South Lawrence Street and dragged the Plaintiff to Greil Memorial

1 Psychiatric Hospital, 2140 Upper Wetumpka Road, the County of Montgomery Et Al in the
2 course of one unlawful act after another, committed the crime of first degree
3 kidnapping against the Plaintiff by knowingly restraining the Plaintiff with the
4 intent to place the Plaintiff in resonable apprehension of imminent physical injury.
5 In a series of well coordinated unlawful acts and detentions, the County of Montgomery,
6 Et Al's restriction of the Plaintiff's movement intended to place the Plaintiff in
7 reasonable fear of imminent physical injury. The County of Montgomery, Et Al's
8 seizure and detention of the Plaintiff with any accompanying movement is necessarily
9 sufficient to constitute first degree kidnapping, whether or not movement
10 substantially increased risk of harm.
11     10. On or about August 2, 1999, when the County of Montgomery, Et Al abducted
12 and kidnapped the Plaintiff without probable cause therefor and dragged the Plaintiff
13 to Jackson Hospital, 1725 Pine Street, dragged the Plaintiff to Montgomery County
14 Probate, 100 South Lawrence Street, and dragged the Plaintiff to Greil Memorial
15 Psychiatric Hospital, 2140 Upper Wetumpka Road, the County of Montgomery, Et Al, in
16 the course of one unlawful act after another, violated the Plaintiff's Fourth
17 Amendment rights under the United States Constitution
18     11. On or about August 2, 1999, when the County of Montgomery, Et Al abducted
19 and kidnapped the Plaintiff without probable cause therefor and dragged the Plaintiff
20 to Jackson Hospital, 1725 Pine Street, dragged the Plaintiff to Montgomery County
21 Probate, 100 South Lawrence Street, and dragged the Plaintiff to Greil Memorial
22 Psychiatric Hospital, 2140 Upper Wetumpka Road, the County of Montgomery, Et Al in
23 the course of one unlawful act after another, struck, shoved, kicked, and touched
24 the Plaintiff and subjected the Plaintiff to multiple unlawful physical contacts.
25     12. On or about December 19, 2002, without probable cause therefor, the County
26 of Montgomery, Et Al, Reese Mckinney, D.T. Marshall through Montgomery sheriff's
27 officers, trespassed the premises of 547 South Perry Street in Montgomery, Alabama
28 and abducted and kidnapped the Plaintiff from 547 South Perry Street, Apt. 10, the

Plaintiff's lawful and legal residence, and dragged the Plaintiff from 547 South Perry Street to Greil Memorial Psychiatric Hospital, 2140 Upper Wetumpka Road, Montgomery, Alabama. Thereafter, the Plaintiff was incarcerated inside Greil Memorial Psychiatric Hospital and could not leave.

13. On or about December 23, 2002, the County of Montgomery, Et Al harassed and seized the Plaintiff and dragged the Plaintiff without probable cause therefor from Greil Memorial Psychiatric Hospital, 2140 Upper Wetumpka Road to Montgomery County Probate, 100 South Lawrence Street, Montgomery, Alabama. Thereafter, the County of Montgomery, Et Al instituted unlawful proceedings motivated by malice in fact against the Plaintiff in the Montgomery County Probate without probable cause therefor.

14. On or about December 23, 2002, the County of Montgomery, Et Al harassed and seized the Plaintiff again and dragged the Plaintiff without probable cause therefor from Montgomery County Probate, 100 South Lawrence Street back to Greil Memorial Psychiatric Hospital, 2140 Upper Wetumpka Road where the Plaintiff was incarcerated and could not leave.

15. On or about December 19, 2002, when the County of Montgomery, Et Al abducted and kidnapped the Plaintiff without probable cause therefor and dragged the Plaintiff to Greil Memorial Psychiatric Hospital, 2140 Upper Wetumpka Road, the County of Montgomery, Et Al, in a series of well coordinated unlawful acts and detentions, committed the NON-CONSENTUAL, intentional confinement of the Plaintiff without lawful privilege therefor, and for any appreciable time however brief. The County of Montgomery, Et Al purposely deprived the Plaintiff of freedom of movement by use of physical barrier and force and other total and complete unreasonable duress, without the Plaintiff's consent which harmed the Plaintiff, and such harm was substantially caused by the County of Montgomery, Et Al's conduct. The County of Montgomery, Et Al, in the course of one unlawful act after another, procured the unlawful violation of the personal liberty of the Plaintiff, and procured the false imprisonment of the Plaintiff for any appreciable time, however brief.

16. On or about December 19, 2002, when the County of Montgomery, Et Al abducted and kidnapped the Plaintiff without probable cause therefor and dragged the Plaintiff to Greil Memorial Psychiatric Hospital, 2140 Upper Wetumpka Road, the County of Montgomery, Et Al, in the course of one unlawful act after another, committed the crime of first degree kidnapping against the Plaintiff by know restraining the Plaintiff with the intent to place the Plaintiff in reasonable apprehension of imminent physical injury. In a series of well coordinated unlawful acts and detentions, the County of Montgomery, Et Al's restriction of the Plaintiff's movement intended to place the Plaintiff in reasonable fear of imminent physical injury. The County of Montgomery, Et Al's seizure and detention of the Plaintiff with any accompanying movement is necessarily sufficient to constitute first degree kidnapping, whether or not movement substantially increased risk of harm.

17. On or about December 19, 2002, when the County of Montgomery, Et Al abducted and kidnapped the Plaintiff without probable cause therefor and dragged the Plaintiff to Greil Memorial Psychiatric Hospital, 2140 Upper Wetumpka Road, the County of Montgomery, Et Al in the course of one unlawful act after another, violated the Plaintiff's Fourth Amendment rights under the United States Constitution.

18. On or about December 19, 2002, when the County of Montgomery, Et Al abducted and kidnapped the Plaintiff without probable cause therefor and dragged the Plaintiff to Greil Memorial Psychiatric Hospital, 2140 Upper Wetumpka Road, the County of Montgomery, Et Al in the course of one unlawful act after another struck, shoved, kicked, and touched the Plaintiff and subjected the Plaintiff to multiple unlawful physical contacts.

19. As a proximate consequence of the Defendants' acts, the Plaintiff suffered mental auguish, deprivation of constitutional rights, and intentional infliction of emotional distress.

WHEREFORE, the Plaintiff demands judgment against the Defendants Punitive, Actual, and Compensatory damages of $3,000,000,000.00

1 BILL LIETZKE
2 GENERAL DELIVERY
  135 CATOMA STREET
  MONTGOMERY, ALABAMA 36104
3
4                IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF MICHIGAN
5
6 BILL LIETZKE,               ) CASE NO.
                             )
7    PLAINTIFF,               )
                             )
8 VS.                           )
                             )
9 COUNTY OF MONTGOMERY, ET AL,  )
  REESE MCKINNEY, D. T. MARSHALL, )
10                           )
      DEFENDANTS.            )
11
12                PLAINTIFF'S FIRST SET OF INTERROGATORIES

13     Plaintiff Bill Lietzke demands Defendants County of Montgomery, Et Al, Reese
14 Mckinney, D. T. Marshall to answer the following written Interrogatories and Complaint
15 under oath and in accordance with Rule 33 of the Federal Rules of Civil Procedure.
16 Defendants shall written answers thereto in the United States District Court for the
17 District of Michigan 21 days after the filing of the Interrogatories and Complaint.
18 Failure of Defendants to file written answers to the Interrogatories and Complaint
19 within 21 days after the filing of the case constitutes contempt of court. District
20 of Michigan enters DEFAULT JUDGMENT against Defendants and assesses fines for
21 $500,000,000.00, pursuant to Rule 55 of the Federal Rules of Civil Procedure. District
22 of Michigan imposes prison sentences of 10 years against Defendants in Michigan's
23 maximum security state prison. Interrogatories and Complaint shall be addressed to the
24 Defendants and all answers shall reflect the cumulative knowledge of the Defendants and
25 any servants, agents, and employees thereof.
26     The Plaintiff demands the Defendants to produce and identify, specifically and
27 in a form suitable for use in a subpoena, all original documents, original records,
28 and all other written materials containing, setting forth, or in reference to the

information provided in answering the Interrogatories and Complaint. Defendants must produce and identify original documents and records. Computer print outs of lists and data and photocopies of documents and records are unacceptable.

1. What is the organizational structure of the State of Alabama Montgomery County Sheriff's Department for the following years: 1998, 1999, 2000, 2001, 2002, 2003, and 2004? Describe in full detail the State of Alabama Montgomery County Sheriff's Department's organizational for the following years: 1998, 1999, 2000, 2001, 2002, 2003, and 2004.

2. State the full legal names, the full legal residences, the races, the sexes, the badge numbers, the position titles, and if applicable the promotions of the County of Montgomery Defendants who trespassed 547 South Perry Street, Montgomery, Alabama, abducted, harassed, and kidnapped the Plaintiff from 547 South Perry Street and dragged the Plaintiff to Jackson Hospital, 1725 Pine Street, Montgomery, Alabama on August 2, 1999.

3. State the full legal names, the full legal residences, the races, the sexes, the badge numbers, the position titles, and if applicable the promotions of the County of Montgomery Defendants who dragged the Plaintiff from Jackson Hospital, 1725 Pine Street to Montgomery County Probate, 100 South Lawrence Street, Montgomery, Alabama on August 9, 1999.

4. State the full legal names, the full legal residences, the races, the sexes, the badge numbers, the position titles, and if applicable the promotions of the County of montgomery Defendants who dragged the Plaintiff from Montgomery County Probate, 100 South Lawrence Street back to Jackson Hospital, 1725 Pine Street on August 9, 1999.

5. State the full legal names, the full legal, residences, the races, the sexes, the badge numbers, the position titles, and if applicable the promotions of the County of Montgomery Defendants who dragged the Plaintiff from Jackson Hospital, 1725 Pine Street to Greil Memorial Psychiatric Hospital, 2140 Upper Wetumpka Road, Montgomery, Alabama on August 11, 1999.

6. State the unlawful purposes of the County of Montgomery Defendants for the unlawful act of abducting and kidnapping the Plaintiff from 547 South Perry Street, Montgomery, Alabama on August 2, 1999.

7. State all inappropriate medications, improper medical care, and multiple unlawful physical contacts that subsequently followed the Plaintiff's kidnapping, false imprisonment, and incarceration into Greil Memorial Psychiatric Hospital, 2140 Upper Wetumpka Road, on August 2, 1999.

8. State the full legal names, the full legal residences, the races, the sexes, the job description, the place of employment, and the telephone numbers including area codes of the African-american women who photographed and fingerprinted the Plaintiff without the Plaintiff's permission subsequently following the Plaintiff's kidnapping, false imprisonment, and incarceration into Greil Memorial Psychiatric Hospital, 2140 Upper Wetumpka Road on August 2, 1999.

9. State the full legal names, the full legal residences, the races, the sexes, the badge numbers, the position titles, and if applicable the promotions of the County of Montgomery Defendants who trespassed 547 South Perry Street, Montgomery, Alabama, abducted, harassed, and kidnapped the Plaintiff from 547 South Perry Street and dragged the Plaintiff to Greil Memorial Psychiatric Hospital, 2140 Upper Wetumpka Road, Montgomery, Alabama on December 19, 2002.

10. State the full legal names, the full legal residences, the races, the sexes, the badge numbers, the position titles, and if applicable the promotions of the County of Montgomery Defendants who dragged the Plaintiff from Greil Memorial Psychiatric Hospital, 2140 Upper Wetumpka Road to Montgomery County Probate, 100 Lawrence Street, Montgomery, Alabama on December 23, 2002.

11. State the full legal names, the full legal residences, the races, the sexes, the badge numbers, the position titles, and if applicable the promotions of the County of Montgomery Defendants who dragged the Plaintiff from Montgomery County Probate, 100 Lawrence Street back to Greil Memorial Psychiatric, 2140 Upper Wetumpka on Dec. 23, 2002.

12. State the unlawful purposes of the County of Montgomery Defendants for the unlawful act of abducting and kidnapping the Plaintiff from 547 South Perry Street, Montgomery, Alabama on December 19, 2002.

13. State all inappropriate medications, improper medical care, and multiple unlawful physical contacts that subsequently followed the Plaintiff's kidnapping, false imprisonment, and incarceration into Greil Memorial Psychiatric Hospital, 2140 Upper Wetumpka Road on December 19, 2002.

14. State the full legal names, the full legal residences, the races, the sexes, the job description, the place of employment, and the telephone numbers including area codes of the African-american women who photographed and fingerprinted the Plaintiff without the Plaintiff's permission subsequently following the Plaintiff's kidnapping, false imprisonment, and incarceration into Greil Memorial Psychiatric Hospital, 2140 Upper Wetumpka Road on December 19, 2002.

Submitted for filing this 17th day of August, 2017

[signature]
General Delivery
135 Catoma Street
Montgomery, Alabama 36104

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
BILL LIETZKE

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
COUNTY OF RESIDENCE IS MONTGOMERY

## DEFENDANTS
COUNTY OF MONTGOMERY, ET AL,
REESE MCKINNEY, D. T. MARSHALL
County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
COUNTY OF RESIDENCE IS UNIDENTIFIED

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☒ 320 Assault, Libel & Slander | | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☒ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
TITLE 28, UNITED STATES CODE, SECTION 1983
Brief description of cause:
FEDERAL KIDNAPPING CHARGES, FALSE IMPRISONMENT

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ $3,000,000,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE CITY OF MONTGOMERY, ET AL, KEVIN MURPHY
DOCKET NUMBER 4:16-CV-00607-SMR

DATE AUGUST 21, 2017
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____





United States District Court
Federal Courthouse
231 W. Lafayette Boulevard
Detroit, Michigan 48226

RECEIVED
CLERK OFFICE
DETROIT
AUG 28 2017

SCANNED

U.S. POSTAGE PAID
MONTGOMERY, AL
36104
AUG 24, 17
AMOUNT
$7.40
R2305E125574-01

8/24/17

# New Lawsuit Check List

**Instructions:** Put a check mark in the box next to each appropriate entry to be sure you have all the required documents.

- [ ] Two (2) completed **Civil Cover Sheets**.

- [ ] Enter the number of defendants named in your lawsuit in the blank below, add 2 and then enter the total in the blank.

  _____ + 2 = _____ **Complaints.**
  # of Defendants     Total

  Received by Clerk: _____ Addresses are complete: _____

CLERK TO AFFIX
CASE ASSIGNMENT
LABEL HERE

- [ ] If any of your defendants are **government agencies**:
  Provide two (2) extra copies of the **complaint** for the U.S. Attorney and the Attorney General.

## If Paying The Filing Fee

- [ ] Current new civil action filing fee is attached.

  Fees may be paid by check or money order made out to:

  **Clerk, U.S. District Court**

  Received by Clerk: _____ Receipt #: _____

## If Asking That The Filing Fee Be Waived

- [ ] Two (2) completed **Application to Proceed in District Court without Prepaying Fees or Costs** forms.

  Received by Clerk: _____

### Select the Method of Service you will employ to notify your defendants.

| Service via Summons by Self | Service by U.S. Marshal (Only available if fee is waived) | Service via Waiver of Summons (U.S. government cannot be a defendant) |
|---|---|---|
| [ ] Two (2) completed **summonses** for each defendant including each defendant's name and address.<br><br>Received by Clerk: _____ | [ ] Two (2) completed **USM – 285 Forms** per defendant, if you are requesting the U.S. Marshal conduct service of your complaint.<br><br>[ ] Two (2) completed **Request for Service by U.S. Marshal** form.<br><br>Received by Clerk: _____ | [ ] You need not submit any forms regarding the Waiver of Summons to the Clerk.<br><br><u>Once your case has been filed, or the Application to Proceed without Prepaying Fees and Costs has been granted</u>, you will need:<br>• One (1) **Notice of a Lawsuit and Request to Waive Service of a Summons** form per defendant.<br>• Two (2) **Waiver of the Service of Summons** forms per defendant.<br><br>Send these forms along with your filed complaint and a self-addressed stamped envelope to each of your defendants. |

### Clerk's Office Use Only

Note any deficiencies here:

*1 summons for defendants*

*no copies*                                                     *AWT*

Rev. 4/13